UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT DALTON SUMMERS, JR,

Plaintiff,

v.

PILOT TRAVEL CENTERS LLC,

Defendant.

Case No. 3:26-cv-00291-MMD-CSD

ORDER

Pro se Plaintiff Robert Dalton Summers, Jr. asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Before the Court is Defendant Pilot Travel Centers' Motion to Stay.[1] (ECF No. 16.) Defendant argues that this case should be stayed pending the resolution of a parallel state court action currently before the Fourth Judicial District Court, County of Elko, Nevada, pursuant to the *Colorado River* doctrine. The Court finds that the *Colorado River* factors weigh in favor of a stay and accordingly grants Defendant's Motion to Stay (ECF No. 16).

Though it is generally the rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," the Supreme Court held in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), that in "exceptional circumstances, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation can support a stay of federal litigation in favor of

[1]Plaintiff responded to Defendant's Motion to Stay. (ECF No. 17.) Defendant did not file a reply by the deadline but filed a Motion for Leave to File Late Reply. (ECF No. 18.) The Court finds an absence of bad faith and good cause to grant the Motion for Leave to File Late Reply. Further, because the Motion for Leave to File Late Reply was filed before the Court resolved Defendant's Motion to Stay, the Court finds that there was no impact on the proceedings or prejudice to the opposing party.

parallel state proceedings." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023) (internal quotes omitted and alterations adopted). Courts weigh eight factors to determine whether a *Colorado River* stay is justified:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id*. "The factors are not a mechanical checklist" and the Court should "apply the factors in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id*. at 836-37 (internal quotes omitted). "Some factors may not apply in some cases, but in other cases, a single factor may decide whether a stay is permissible." *Id*. at 837 (internal quotes omitted). Here, the Court finds that factors three, four, six, and eight weigh in favor of a stay.

Plaintiff filed his state action first on February 27, 2026. (ECF No. 16 at 2.) His complaint in this case was not filed until March 23, 2026, approximately two months later. (ECF No. 1.) Because the state court obtained jurisdiction first, the fourth factor weighs in favor of staying this case.

The two cases also involve substantially similar claims arising from the same alleged conduct. Plaintiff acknowledges that the two cases involve overlapping facts. (ECF No. 17 at 3.) But he argues that the two actions are not truly parallel because the state action includes claims against two individual defendants in addition to Pilot Travel Centers and "asserts state-law tort claims including defamation, negligent supervision, intentional infliction of emotional distress, and related theories," whereas this case "includes only Pilot Travel Centers and asserts claims arising under Title VII." (*Id*.) Plaintiff emphasizes that he did not bring his Title VII claim in state court because he was awaiting administrative exhaustion. (*Id*.) Importantly, Plaintiff's Second Amended Complaint filed in the state court action includes claims for Racial Harassment/Hostile Work Environment, Retaliation, and Wrongful Constructive Discharge, brought under NRS Chapter 613 (ECF

No. 16-5 at 9-12), which applies the same legal standards as Title VII. *See Farfan v. Station Casinos, LLC*, 2:20-CV-01516-CDS-NJK, 2026 WL 1073055, at *2 (D. Nev. Apr. 20, 2026) (recognizing that "NRS 613.432 expressly adopts the remedies under Title VII"); *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) ("[W]e have previously looked to the federal courts for guidance in discrimination cases."). "[E]xact parallelism" between the state and federal actions "is not required" to warrant a stay under the *Colorado River* doctrine—it is enough if the two proceedings are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (internal quotes omitted). Further, when the "federal action is but a 'spin-off' of more comprehensive state litigation," courts should be "particularly reluctant to find that the actions are not parallel." *Id.* at 1417. This is such a case. The state court litigation concerns the same events and concerns the same defendant as well as additional claims and defendants. And the Court finds that because Plaintiff's state court claims are governed by the same standard as his Title VII claims in this Court, the cases are substantially similar, and the state court case will resolve the issues before this Court. Therefore, factors six and eight weigh in favor of granting the stay. *See also id.* at 1416 (finding state and federal action substantially similar even though the state action did not include the RICO claims included in the federal action).

Moreover, because the cases involve overlapping claims, allowing both cases to proceed would likely lead to duplicative litigation efforts and possibly duplicative recovery for the same alleged harm. Accordingly, factor three weighs in favor of a stay.

The fifth factor—whether federal or state law provides the rule of decision on the merits—is neutral. Though Plaintiff's claims in this case are brought under a federal statute (Title VII), the state court could resolve the claims presented in Plaintiff's federal action had Plaintiff decided to bring his Title VII claims in that forum. *See Nakash*, 882 F.2d at 1416 ("If the state and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant."). The Court finds that the remaining factors are either also neutral or inapplicable.

It is therefore ordered that Defendant's Motion to Stay (ECF No. 16) is granted.

It is further ordered that this case is stayed in its entirety pending the resolution of Plaintiff's state court action.

It is further ordered that the parties must file a joint status report within 14 days of the state court's final decision on Plaintiff's claims proposing next steps in this case and attaching a copy of the state court decision.

It is further ordered that Defendant's Motion for Leave to File Late Reply (ECF No. 18) is granted.

It is further ordered that the Clerk of Court administratively close this case pending resolution of Plaintiff's state court action.

DATED THIS 26th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE